RAMASH and another, Respondents, vs. SCHEUER, imp., Appellant.

*May 2 — May 23, 1893.*

*Fraudulent conveyances: Consideration: Attachment: Collusion: Nonsuit: Costs.*

1. In consideration of money advanced by his father-in-law, R., to aid him in purchasing land, L. gave to R. a bond to support him during life, secured by a second mortgage on the land. To avoid foreclosure of the first mortgage L. afterwards sold all of the land except two acres, and to facilitate such sale R. signed on the margin of the record a certificate that the second mortgage was fully paid. R. was an ignorant man, not able to speak English. He had not been repaid the money advanced, and did not intend to discharge the debt or the agreement for his support, and did not deliver up the bond and mortgage. Afterwards the remaining two acres were conveyed to him by L. in consideration of the money advanced. *Held,* that there was a sufficient consideration for such conveyance and, the transaction being in good faith, the creditors of L. could not thereafter acquire a lien on the land by attachment.

2. In an action by R. to foreclose a land contract given by him after such conveyance, and to remove the lien of an attachment levied thereon in favor of S., a creditor of L., the complaint alleged that S. and the vendee in the land contract were colluding together to compel R. to pay the claim of S. S. answered, alleging that the conveyance by L. to R. was fraudulent, denying all collusion, and claiming a valid lien by his attachment. *Held,* that although the collusion was not proved, a nonsuit as to S. was properly denied and judgment was properly rendered against him adjudging that his attachment levy created no lien, and for costs.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to foreclose a land contract and remove the lien of an attachment levied upon the land. The substance of the complaint is stated in *Ramash v. Scheuer,* 81 Wis. 269, where this court affirmed an order overruling *Scheuer's* demurrer to the complaint. It is sufficient to say here that the action was brought to foreclose a land contract by

which the plaintiffs agreed to convey two acres of land to the defendant George Bartleme for a specified consideration, and further the complaint prayed for the removal of the apparent lien of a writ of attachment thereon, sued out by the defendant *Scheuer* in an action against the defendant John Lamach. The complaint charged that the attachment affidavit was false, and that the defendants *Scheuer* and Bartleme were colluding together and pretending that the attachment lien was a valid lien, to harass and annoy plaintiffs and to compel them to pay *Scheuer's* claim. Before the decision of this court upon the demurrer, the defendant *Scheuer* answered the complaint, admitting the making of the land contract, and the possession of the land by Bartleme, and alleging that the land in fact was the property of John Lamach, and that he had fraudulently conveyed the same to the plaintiffs; denying all fraud or collusion on his part, and setting forth at length his attachment proceedings, and claiming a valid lien thereby on said lands, and praying that such lien be adjudged by the court.

The plaintiffs, *Wenzel Ramash* and *Rosa Lamach*, are father and daughter. *Rosa* is the wife of the defendant John Lamach. It appeared on the trial that in January, 1884, John Lamach purchased forty acres of land for $2,250, paying down $300 of his own money and $800 furnished him by his father-in-law, *Ramash*, and giving a purchase-money mortgage for the balance. A second mortgage was given by Lamach to *Ramash* in consideration of the $800 so contributed, to secure the performance of a bond conditioned for the support of *Ramash* during his life, by furnishing certain specified amounts of money, food, etc., and, in addition to the bond, a note was executed by John and *Rosa* as follows: " $800.00.    Gibson, January 9, 1884. In time of disregard of certain bond of maintenance, we promise to pay to the order of *Wenzel Ramash* eight hundred dollars ($800). This note is secured by mortgage

of even date herewith. Value received, with interest at no per cent." John became heavily in debt, and to avoid foreclosure of the first mortgage sold first twenty acres and afterwards eighteen acres of the forty, retaining but two acres. To facilitate these sales, *Ramash* consented to and did release the twenty acres first sold from the lien of the mortgage, and at the time of the second sale signed a certificate that the mortgage was fully paid on the margin of the record. The bond and mortgage, however, were never given up. At about the time of the second sale, January, 1888, Lamach left the two acres of land, which had been his homestead, and went to Two Rivers to live, giving *Ramash* a life lease thereof. On the 15th day of August, 1890, Lamach and wife deeded the two acres to *Ramash* in consideration of the $800 previously advanced, and on the same day *Ramash* deeded the land to his daughter, *Rosa*, the deed containing a clause that it was not to take effect until the death of *Ramash*. On the 13th day of October, *Ramash* and *Rosa* entered into the land contract with defendant Bartleme which is being foreclosed in this action, and Bartleme went into possession of the premises under it, and still is in possession thereof. The contract called for payment of the purchase price November 10, 1890, and on that day a sufficient deed was duly tendered, but Bartleme refused to accept it on account of the attachment levied on the land at the suit of *Scheuer*, on the 17th day of October, 1891, in an action upon a promissory note against John Lamach. *Scheuer* has always insisted that his lien was a valid lien, and still does so, and refuses to release it, and Bartleme still refuses to carry out his contract, because he claims said attachment levy creates a lien on the lands.

The trial court found the facts substantially as above stated, and concluded that the deeds from Lamach and wife to *Ramash*, and from *Ramash* to *Rosa Lamach*, were not fraudulent, but executed for a sufficient consideration;

that the plaintiffs were entitled to judgment of foreclosure and for the relief prayed for in their complaint, giving Bartleme ninety days' time within which to pay the purchase money and interest.   Also that plaintiffs recover costs against both Bartleme and *Scheuer*.   Judgment was entered in accordance with the findings, and defendant *Scheuer* appeals from those parts of the judgment awarding costs against him and adjudging that his attachment levy created no lien on the premises.

For the appellant there was a brief signed by *G. G. Sedgwick* and *Manseau & Craite*, and oral argument by *Mr. Sedgwick*.

For the respondents the cause was submitted on the brief of *Nash & Nash*.   They argued, among other things, that a pre-existing liability in satisfaction of which the deed is executed will uphold a conveyance of real estate against attacks of creditors.   *Gleason v. Day*, 9 Wis. 498; *Norwegian Plow Co. v. Hanthorn*, 71 id. 529; *Erdall v. Atwood*, 79 id. 1; *Saunderson v. Broadwell*, 82 Cal. 132.   The fact that the property was originally bought with the grantee's money, which has never been repaid and is still owing, will likewise support such conveyance.   *Hibben v. Soyer*, 33 Wis. 319; *Hyde v. Chapman*, id. 391; *Leisen v. Roberts*, 80 id. 570; *Bancroft v. Curtis*, 108 Mass. 47; *Sackett v. Spencer*, 65 Pa. St. 89.

WINSLOW, J.   If the deed from Lamach to his father-in-law was executed in good faith and for a sufficient consideration, as the trial court found, then it is manifest that *Scheuer's* attachment levy would not constitute any lien upon the land.   This is the crucial question in the case.   It is said that there was no consideration, because *Ramash* had discharged the mortgage upon the margin and certified that the same was paid.   *Ramash* was an ignorant man, not able to speak English.   The evidence clearly

shows he understood little of the precise character of the numerous papers which were from time to time executed. The evidence also clearly shows that he never delivered up his bond or note; that he never received back the money which he advanced to Lamach; and it is a fair conclusion from the whole case that he never intended to discharge the debt or the agreement for support, but simply intended to release the lien of the mortgage, in order to facilitate his son-in-law's sale of the thirty-eight acres. This seems to have been the conclusion of the circuit court, and we think it justified by the evidence. If this was so, there was clearly a sufficient consideration for Lamach's deed to *Ramash*, and, the transaction being in good faith, the creditors of Lamach can thereafter acquire no lien on the land by attachment.

There is no question of homestead necessary to be discussed here, as the circuit court found, in accordance with defendant's contention, that the Lamachs had abandoned their homestead rights before the deed was made to *Ramash*.

A motion for a nonsuit as to defendant *Scheuer* was made at the close of the plaintiff's case, and overruled. It is now contended that the action cannot be maintained as against *Scheuer*, even if his attachment was ineffective, because no collusion was shown or found between him and Bartleme. The allegation of collusion may have been necessary in the complaint, but it does not necessarily follow that the defendant is entitled to be discharged because it did not appear upon the trial. With all the parties before the court, "equity delights to do justice, and that not by halves." In this case the issue has been fully made and tried between the proper parties as to the validity of the deeds and the effect of the levy, and equity will not at this stage stay its hand for a reason so purely technical as the one urged. The defendant *Scheuer* might have disclaimed

any interest and retired from the litigation, but he chose to take issue and try the questions on the merits. We see no good reason why costs should not follow the judgment.
*By the Court.*— Judgment affirmed.